UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PETER PILOTTI,

    Plaintiff,                                     Case No. 3:16-cv-00085

vs.

COMMISSIONER OF                       District Judge Walter H. Rice
SOCIAL SECURITY,                       Magistrate Judge Michael J. Newman

    Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), the administrative record (doc. 8), and the record as a whole.[3]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

A. **Procedural History**

Plaintiff filed applications for SSI and DIB asserting disability as of January 2, 2001. PageID 304-14. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, lumbar degenerative disc disease, irritable bowel syndrome ("IBS"), attention deficit disorder, and high blood pressure. PageID 75, 304-14.

After initial denials of his applications, Plaintiff received a hearing before ALJ Elizabeth Motta on April 25, 2014. PageID 94. At the hearing, Plaintiff requested a closed period of disability, from June 29, 2011, when Plaintiff turned 50 years old, until June 16, 2013, when Plaintiff returned to work. PageID 75. The ALJ issued a written decision on August 28, 2014, finding Plaintiff not disabled for the closed period. PageID 75-89. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.

2. The claimant did not engage in substantial gainful activity between June 19, 2011, and June 16, 2013, the amended requested closed period of disability (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbar degenerative disc disease and irritable bowel syndrome (IBS) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform less than the

2

        full range of light work[4] as defined in 20 CFR 404.1567(b) and 416.967(b) with: lifting up to 20 pounds occasionally and 10 pounds frequently; only occasional postural activities, such as climbing stairs/ramps, balancing, stooping, kneeling, crouching or crawling; no climbing ropes, ladders or scaffolds; no exposure to hazards, such as moving or dangerous machinery or working at unprotected heights; only occasional pushing/pulling, such as use of foot controls, on the left; and reasonable access to a restroom (normal distance and jobs where one can take the normal permitted breaks).

6. The undersigned makes no finding regarding past relevant work (20 CFR 404.1520(h) and 416.920(h)).

7. The claimant was born [in] 1961 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, from June 19, 2011 to June 16, 2013, the requested closed period (20 CFR 404.1520(g) and 416.920(g)).

PageID 75-89.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

Thereafter, the Appeals Council denied review on February 5, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 62. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B.  **Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 78-81. Plaintiff, in his Statement of Errors, also summarizes the evidence of record. Doc. 10 at PageID 658-61. The Commissioner, in response to Plaintiff's Statement of Errors, defers to the ALJ's recitation of the evidence and presents no objection to Plaintiff's summary. Doc. 11 at PageID 671. Except as otherwise noted herein, the undersigned incorporates the summary of evidence as set forth by the ALJ and Plaintiff.

## II.

A.  **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of

choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.  **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job, and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

>    5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by failing to: (1) properly evaluate his credibility and allegations of disabling pain; and (2) properly weigh medical source evidence. Doc. 10 at 663. The undersigned finds merit to Plaintiff's first alleged error.[5]

In his first alleged error, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 96-7p in evaluating his credibility and complaints of disabling pain. A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted). Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and

---

[5] Plaintiff's arguments regarding the weighing of medical source opinions is limited to the ALJ's analysis of non-treating physicians, notably opinions provided by examining physician Damian M. Danopulos, M.D. (PageID 513-17) and record reviewing physicians Leigh Thomas, M.D. and Gerald Klyop, M.D. (PageID 138, 152, 166, 177). Plaintiff argues that the ALJ failed to consider all of the factors set forth in 20 C.F.R. § 404.1527(c) in weighing these opinions. "However, an ALJ need not give 'an exhaustive factor-by-factor analysis.'" *Kent v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 643, 650 (S.D. Ohio 2015) (citing *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011). Here, the ALJ noted the consistency of all medical source opinions, as well as Dr. Danopulos's supportive clinical findings. PageID 86. Because the ALJ's analysis evidences consideration of at least some of the required factors in 20 C.F.R. § 404.1527(c), the undersigned finds no error in the ALJ's weighing of these opinions. However, given the fact that this case must be remanded for further proceedings as set forth *infra*, these opinions should be assessed anew on remand.

articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p, upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's subjective complaints concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *See id.*; 20 C.F.R. § 404.1529(c)(3). In considering the entire case record, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).

Plaintiff testified that he has suffered from constant lower back pain since 2001 and neck pain for several years. PageID 110, 514. Plaintiff further testified that pain limits his ability to

7

move and lift. PageID 111. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause his alleged symptoms," but that his "statements concerning the intensity, persistence and limiting effect of [his] symptoms [were] not entirely credible." PageID 83. The ALJ set forth a number of reasons as to why she found Plaintiff not credible; most notably, among other reasons, Plaintiff's overall lack of medical treatment; the conservative nature of the treatment he did receive; his daily activities; his efforts to find a job during the alleged closed period of disability; and his taking of online college courses during the alleged closed period. PageID 83-85.

A. **Medical Treatment**

The ALJ found Plaintiff's allegations less than credible because, most significantly, he sought little treatment during the alleged closed period, and the treatment he did pursue was conservative and did not consist of taking prescription medication. PageID 83-84. Social Security Ruling ("SSR") 96-7p provides that a claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7. However, an ALJ cannot discount a claimant's credibility in this regard "without first considering any explanations that the individual may provide, or other information in the case record, that may explain" the type or frequency of treatment actually received. *Id*.

Here, the record contains specific evidence of Plaintiff's lack of insurance and inability to afford treatment. *See* PageID 474, 478. For instance, Plaintiff's primary care physician, Harris Freedman, D.O., noted Plaintiff's inability to pay for lab testing, stating that, "[h]opefully one day [Plaintiff] will have insurance and he can get some blood work and other tests done." PageID 45. In addition, Dr. Freedman also noted that he wanted to refer Plaintiff for an

8

"orthopedic consult as soon as [Plaintiff] [can] afford it." PageID 478. Despite such evidence, the ALJ failed to address Plaintiff's ability to pay for more aggressive treatment before discounting his credibility for failing to seek such treatment. PageID 475, 478. The ALJ's failure in this regard constitutes error. *See Lariccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 387 (6th Cir. 2013) (finding the ALJ's failure to consider claimant's insurance difficulties "significant" error).

### B. Daily Activities

The ALJ also concluded that Plaintiff's statements concerning his daily activities "indicates that [his] level of pain does not seriously interfere with his ability to perform work" within a "reduced range of light exertion." PageID 85. The ALJ noted Plaintiff's hearing testimony in which he reported the ability to perform household chores, use the computer for his part-time school work, take care of himself, drive a car, fish, and visit friends.[6] PageID 85.

Although the undersigned takes no issue with the ALJ's summary of Plaintiff's testimony about his daily activities, the undersigned does find the ALJ's explanation to be lacking. It is not clear how Plaintiff's ability to perform these minor daily tasks supports a finding that he is able to perform a limited range of light work on a regular and consistent basis, as required by sustained full-time gainful employment. *See Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) (holding that "the fact that Plaintiff engages in minor life activities is not inconsistent with a disabling level of pain"). Absent further explanation by the ALJ, the undersigned finds that Plaintiff's minimal daily activities fail to provide substantial evidence upon which the ALJ

---

[6] In discussing Plaintiff's daily activities, the ALJ also referenced a December 2013 medical record noting Plaintiff's complaints of chest and left arm pain, which Plaintiff appears to have first noticed weeks to months earlier after playing "an aggressive" game of "bowling" on a Wii video game console. PageID 547. Because Plaintiff's activity in this regard appears to have occurred after the alleged closed period of disability ending June 16, 2013, and because there is no other evidence of Plaintiff engaging in such activities during the closed period, such fact is insufficient to discredit Plaintiff's allegations of pain. Nevertheless, to the extent that Plaintiff's gaming is relevant to assessing his credibility, the fact that he suffered weeks-to-months long chest and arm pain after playing a bowling video game is likely more indicative of disability than not.

should have relied to challenge Plaintiff's credibilty.

### C. Other Reasons

Finally, the ALJ discounted Plaintiff's credibility because she was unconvinced that Plaintiff's unemployment during the closed period was related to a "disabling impairment," as opposed to "a matter of choice, at least to some extent." PageID 85-86. In so stating, the ALJ focused on: (1) the reason Plaintiff left his employment before the closed period; (2) his taking online college courses during the closed period; (3) his search for work during the closed period; and (4) his ability to work immediately after the closed period. *Id*.

First, the ALJ concluded that she could not "reasonably infer that [Plaintiff] stopped working on the alleged onset date *solely* due to his impairments." PageID 85 (emphasis added). Certainly, the ALJ's finding in this regard acknowledges the fact that Plaintiff's impairments were, at the least, a reason why he stopped working. *Id*. The mere fact that reasons other than disability may exist to explain Plaintiff's discontinuation of employment is insufficient to discredit his testimony. *See Norris v. Comm'r of Soc. Sec.,* 461 F. App'x 433, 438 (6th Cir. 2012) (holding that absent conflicting testimony, a Plaintiff's credibility would not be undermined if he had stopped working for reasons other than his impairments); *see also Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993). Nevertheless, Plaintiff's circumstances -- having been laid off from his last job immediately preceding the closed period, (*see* PageID 508) -- forecloses the ALJ's suggestion that his unemployment during the closed period was "a matter of choice."

Second, contrary to the ALJ's finding, the Sixth Circuit has specifically rejected the notion that taking part-time college courses suggests an ability to maintain employment. *See Parish v. Califano,* 642 F.2d 188, 191 (6th Cir. 1981) (concluding that "[a]ttending college on a part-time basis is not the equivalent of being able to engage in substantial gainful activity");

*Cohen v. Sec'y of Health and Human Servs.,* 964 F.2d 524, 530 (6th Cir. 1992) (finding claimant's "level of activity," including attending law school "for approximately six hours per semester" did not undermine her allegations of disabling pain and symptoms and, instead, was "a tribute to her courage and determination in refusing to surrender to the debilitating effects of her illness").

Finally, the ALJ erred in determining that Plaintiff simply chose not work until "he found a job he wanted to do[.]" PageID 85. Generally, a person's attempts to work "confirm . . . the sincerity of his [or her] testimony" concerning the limiting effects of their impairment(s). *Ladwig v. Colvin*, No. 3:15CV00128, 2016 WL 3434024, at *9 (S.D. Ohio June 22, 2016), *report and recommendation adopted*, No. 3:15CV00128, 2016 WL 3866603 (S.D. Ohio July 13, 2016). In this instance, Plaintiff's search for and ultimate return to work undermine the ALJ's ultimate conclusion that Plaintiff simply chose not to work during the alleged closed period. PageID 85-86.[7]

### D. Conclusion

In light of the foregoing, the undersigned finds that the ALJ's credibility determination is

---

[7] Insofar as the ALJ found that Plaintiff's ability to perform "technical support" work after the closed period indicates his ability to work during the closed period, such conclusion is unsupported by substantial evidence. The record before the Court demonstrates only that Plaintiff's technical support job allowed him to work from his bedroom between 2:00 p.m. until 10:30 p.m. PageID 122-23. Consistent with his allegations of disabling pain and resulting limitations, Plaintiff described the job as a "sit down job," PageID 109, and no other information of record details the specific physical and mental demands of the job, or that Plaintiff worked shifts on a sustained, continuing, and regular basis. *See* 20 C.F.R. § 404.1545(b) (stating that an RFC determination must be based upon a plaintiff's "capacity for work activity on a regular and continuing basis"). Further, it is important to note that Plaintiff's job ended when he was unable to meet required performance standards. PageID 122. Based on the foregoing, and absent further evidence, the Court cannot conclude that Plaintiff's technical support work demonstrates an ability to work on a full-time basis during the closed period here at issue. *See Couch v. Comm'r of Soc. Sec.*, No. 1:12-CV-00210, 2013 WL 5947174, at *3 (S.D. Ohio Nov. 6, 2013) (holding that an individual who is able to perform only part-time work is disabled under the Commissioner's regulations); *Pugh v. Astrue*, No. 3:08-CV-117, 2009 WL 1361922, at *4 (E.D. Tenn. May 14, 2009); *Bladow v. Apfel*, 205 F.3d 356, 359 (8th Cir. 2000); *see also* SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996) (stating that the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" *i.e.*, for "8 hours a day, for 5 days a week, or an equivalent work schedule").

unsupported by substantial evidence and, as result, the non-disability finding should be reversed.

IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).

Here, evidence of disability is not overwhelming therefore, a remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the foregoing findings.

V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding for the closed period be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  February 2, 2017  	s/ Michael J. Newman
	Michael J. Newman
	United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).