IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER PILOTTI,

      Plaintiff, : Case No. 3:16-cv-85

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
  MICHAEL J. NEWMAN
Acting Commissioner of the :
Social Security Administration,
:
      Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; OBJECTIONS OF PLAINTIFF PETER PILOTTI TO SAID JUDICIAL FILING (DOC. #13) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT NANCY A. BERRYHILL, ACTING COMMISIONER OF SOCIAL SECURITY, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff Peter Pilotti ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On February 2, 2017, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #12, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed, and that the captioned cause be remanded under sentence four of 42 U.S.C. § 405(g) for further proceedings. Based upon reasoning and citations of authority set forth below and in the Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #8, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, and OVERRULES Plaintiff's Objections, Doc. #13, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the captioned cause, pursuant to sentence four of 42 U.S.C. §405(g), to the Commissioner for further proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be

affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner, in her response to Plaintiff's Objections, does not object to the Magistrate Judge's recommendation that the case be remanded for further proceedings. Rather, she argues that, because evidence supporting a finding of non-disability exists and evidence of disability is not overwhelming, the Court should not remand the captioned cause for an award of benefits. Doc. #14, PAGEID #716 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Thus, the Court's review of the Report and Recommendations is limited to whether an immediate award of benefits is warranted under *Faucher*.

2. The Commissioner's record reviewing physicians, Drs. Leigh Thomas and Gerald Klyop, opined that Plaintiff could perform light work with additional limitations, and the ALJ incorporated those opinions "into the [Plaintiff's] residual functional capacity." Doc. #8, PAGEID #86 (citing Doc. #8, PAGEID #136-39, 150-54 164-67, 175-79). The opinions of Drs. Thomas and Klyop provide at least some evidence supporting a finding of non-disability, and thus, an award of benefits is appropriate only if the evidence supporting a finding of disability is overwhelming. *Faucher*, 17 F.3d at 176 ("[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.").

3. In her decision, the ALJ noted that the results of Plaintiff's examination with the Commissioner's consulting physician, Dr. Damian Danopoulos, were largely normal, and for those portions of the examination in which Plaintiff experienced pain or restrictions in movement, the ALJ incorporated restrictions into Plaintiff's residual functional capacity. Doc. #8, PAGEID #83-85, 86 (citations omitted). Dr. Danopoulos's opinion demonstrates that, at the very least, the evidence supporting a finding of disability is not overwhelming. Thus, under *Faucher*, the case must be remanded for rehearing.

4. As the Commissioner noted, among the Magistrate Judge's reasons for recommending remand for further administrative proceedings, was that, in evaluating Plaintiff's credibility, the administrative law judge ("ALJ") failed to account for certain evidence, or drew conclusions from certain evidence that are improper in light of binding judicial precedent or the Commissioner's own rules and regulations. Doc. #12, PAGEID #691-93, 694-95 (citing *LaRiccia v. Comm'r of Soc. Sec.*, No. 12-4198, 549 F. App'x 377, 387 (6th Cir. 2013); *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992); *Parish v. Califano,* 642 F.2d 188, 191 (6th Cir. 1981); Soc. Sec. R. 96-7p, 1996 WL 374186, at *2, 7 (Jul. 2, 1996); Doc. #8, PAGEID #83-86, 475, 478, 508); Doc. #14, PAGEID #713-16. However, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference," as long as they are supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). It is entirely possible that, after weighing all the evidence and complying with pertinent caselaw and regulations, the ALJ may still conclude that Plaintiff's allegations of disabling impairments are not credible. If supported by substantial evidence, that conclusion

5

would have to be affirmed by this Court. *Id.* Thus, remand to the Commissioner for proper consideration of all the evidence in light of judicial precedent and the Commissioner's own rules and regulations, rather than an award of benefits, is appropriate.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #12. Plaintiff's Objections to said judicial filing, Doc. #13, are OVERRULED. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 14, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT